## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

RASHAWN MC DONALD

          Plaintiff,

     vs.

CSX TRANSPORTATION, INC.
CSX INTERMODAL TERMINALS, INC.,
CSX INTERMODAL, INC., and
NORFOLK SOUTHERN RAILWAY COMPANY,

          Defendants.

Case Number: 17-cv-7508

Judge:

Mag. Judge:

Removed from the Circuit Court of Cook County  No. 2017L 009930

## NOTICE OF REMOVAL

TO:    See Attached Proof of Service

Defendant, NORFOLK SOUTHERN RAILWAY COMPANY ("NS") by its lawyers in this matter, Evan B. Karnes, II, and Everardo Martinez of Karnes Law Chartered, remove this action to the United States District Court for the Northern District of Illinois Eastern Division pursuant to 28 U.S.C. § 1441. In support of its removal, NS states:

1.    On September 29, 2017, Plaintiff filed this action in the Circuit Court of Cook County, Illinois, as *Rashawn McDonald, Plaintiff, versus CSX Transportation, INC., CSX Intermodal Terminals, Inc., CSX Intermodal, Inc., and Norfolk Southern Railway*, Case No.: 2017 L 009930.

2.    On October 9, 2017, NS was served with summons and a copy of Plaintiff's Complaint. *See Summons and Pl. Compl. Ex. A.* (**Exhibit A** is a true and accurate copy of the summons and complaint served on NS.)

3.     The complaint seeks compensatory damages for personal injuries Plaintiff claims to have sustained due to the alleged negligence of NS or one or more of CSXT, CSXIT or CSXI, that required him and will in the future require him to expend large sums of money to hospitals and health care providers, and which injuries have interfered, and in the future, will continue to interfere with his livelihood, employment and employability, all to his damage. *See* Pl. Compl. **Ex. A** at ¶15.

4.     This Court has jurisdiction over this matter under 28 US.C. § 1332(a) because complete diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy of Plaintiff's case exceeds $75,000.

5.     Upon information and belief Plaintiff Rashawn McDonald is a resident of Illinois. Upon information and belief, Plaintiff Rashawn McDonald's dwelling place at the time of the incident alleged through the filing of this Notice of Removal in which he intends to be domiciled indefinitely is in Illinois. Plaintiff's Illinois residence is his "permanent home and principal establishment, and to which he or she has the intention of returning when absent from it." See *Cosgrove v. McClure*, 2013 WL 3773972 at *1 (S.D. Ill.) citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). For purposes of diversity jurisdiction, Plaintiff is therefore domiciled in the State of Illinois and is a citizen of the State of Illinois.

6.     Plaintiff's complaint alleges that the Defendant NS is a Virginia corporation. NS' principal place of business is: Three Commercial Place, Norfolk, Virginia. Plaintiff's allegations admit that the Defendant NS is a citizen of Virginia.

7.     Plaintiff's complaint pleads that Defendants CSX Intermodal, Inc., ("CSXI") and CSX Intermodal Terminals, Inc., ("CSXIT") were at all times corporations duly licensed under

the laws of the State of Delaware. Plaintiff's allegations admit that the Defendants CSXI and CSXIT are citizens of Delaware.

8.     Plaintiff's complaint pleads that Defendant CSX Transportation, Inc., ("CSXT") is a corporation organized under the laws of the state of Virginia.  Plaintiff's allegations admit that Defendant CSXT is therefore a citizen of Virginia.

9.     Plaintiff's complaint does not demand a specific sum for purposes of identifying the amount in controversy; rather it demands judgment against all defendants in an amount *in excess* of $50,000.00 plus costs. **Ex. A** at 4 *ad damnum* clause (emphasis added).

10.     NS is aware that among the injuries allegedly sustained by Plaintiff is amputation of his leg. Based on such knowledge and the allegations in the complaint regarding the past and future need for medical treatment and expenses, along with the past and future interference with Plaintiff's livelihood, employment and employability and demand "in excess of $50,000" the amount in controversy meets or exceeds the $75,000 jurisdictional minimum of 28 U.S.C. § 1332(a). "A good-faith estimate of the [amount in controversy] is acceptable if it is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006).

11.     Further, pursuant to 28 U.S.C. § 1446 (c)(2)(A)(ii) the notice of removal may assert the amount in controversy if the initial pleading seeks a "money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  735 Ill. Comp. Stat. 5/2-604 prohibits lawyers from specifying the amount of damages sought in personal injury cases "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed." Generally, an award for

damages in excess of the prayer for relief is proper. *Dils v. City of Chicago*, 62 Ill.App.3d 474, 481 (1st Dist. 1978).

12.     This Notice of Removal is being filed within 30 days after receipt by NS, CSXT, CSXI and CSXIT "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based" pursuant to 28 U.S.C § 1446(b)(1).

13.     **CSXT, CSXI and CSXIT consent to removal of this action and joins in this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2).**

14.     All named defendants are joining in and consenting to this Notice of Removal. All of the named defendants consent to this removal and support it in writing by signing the Notice of Removal below to satisfy the "unanimity" requirement for removal. 28 U.S.C. § 1446(b)(2).

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Northern District of Illinois Eastern Division is the federal judicial division and district embracing the place, Cook County, Illinois wherein the aforesaid state court action is pending.

16.     Pursuant to 28 U.S.C. § 1446(a) a copy of  all process, pleadings, and orders served upon each Defendant in the state court action are attached as exhibits hereto and filed with this Notice of Removal.

17.     Defendants have complied with all requirements for removal and are entitled to remove this action pursuant to 28 U.S.C §§ 1332, 1441 and 1446.

18.     NS, CSXT, CSXI and CSXIT will give written notice of the filing of this Notice of Removal to Plaintiff and all adverse parties and a true and correct copy of this Notice will be duly filed with the Clerk of Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, NORFOLK SOUTHERN RAILWAY COMPANY, CSX TRANSPORTATION, INC., CSX INTERMODAL, INC., AND CSX INTERMODAL TERMINALS, INC. request that this Court proceed with this case as if it had been originally filed here, and that further proceedings in the Circuit Court of Cook County, Chicago, Illinois, be stayed or dismissed.

Dated: October 17, 2017.

_____/s/ Evan B. Karnes, II_____
One of the Lawyers for
NORFOLK SOUTHERN RAILWAY COMPANY

Evan B. Karnes, II
Everardo Martinez
KARNES LAW, CHARTERED
177 N. State Street, 3rd Floor
Chicago, IL 60601
(312) 629-8900
evan@karnes-law.com
everardo@karnes-law.com

## NOTICE OF CONSENT TO REMOVAL

Daniel J. Mohan, represents he is the attorney for Defendants CSX Transportation, Inc., CSX Intermodal Terminals, Inc., and CSX Intermodal, Inc., in this matter and that on behalf of each and all of them, he consents to removal of this action and joins in NS' Notice of Removal.

_____/s/Daniel J. Mohan_____
One of the Lawyers for
CSX TRANSPORTATION, INC.,
CSX INTERMODAL TERMINALS, INC.,
CSX INTERMODAL, INC.

Daniel J. Mohan
Daley, Mohan & Groble
55 West Monroe Street
Suite 1600
Chicago, Illinois 60603
Phone: (312) 422-9999
mohan@daleymohan.com

**PROOF OF SERVICE**

The undersigned, under penalties of perjury, hereby certifies that he has caused a true copy of this Notice of Removal to be served by the methods indicated by 5:00PM on October 17, 2017:

*Via Hand Delivery*

Clerk of the Circuit Court of Cook County
Richard J. Daley Center
50 W. Washington Street
Room 801
Chicago, IL 60602

*Via First Class U.S. Mail:*

John F. Klebba
Brustin & Lundblad, LTD.
10 North Dearborn Street
7th floor
Chicago, Illinois 60602
(312) 263-1250
jklebba@mablawltd.com
 *(One of the Attorneys for Plaintiff
Rashawn McDonald)*

Daniel J. Mohan
Daley Mohan & Groble
55 West Monroe Street
Suite 1600
Chicago, Illinois 60603
(312) 422-0786
mohan@daleymohan.com
(*One of the Attorneys for
CSX TRANSPORTATION, INC.,
CSX INTERMODAL TERMINALS, INC.,
& CSX INTERMODAL, INC.*)

     /s/ Evan B. Karnes, II
One of the Lawyers for
NORFOLK SOUTHERN RAILWAY COMPANY