| 2120 – Served | 2121 – Served | Received via e-mail on 10-9-17 from |
| 2220 – Not Served | 2221 – Not Served | Registered Agent _Ross B Peters_ |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served by Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS – SUMMONS | (8/01/08) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RASHAWN MCDONALD, )
) 2017L009930
) CALENDAR/ROOM F
**Plaintiff,** ) TIME 00:00
) Railroad FELA
v. ) Case No.:
)
CSX TRANSPORTATION, INC., ) **PLEASE SERVE:**
CSX INTERMODAL TERMINALS, INC., ) SEE REVERSE SIDE
CSX INTERMODAL, INC., and )
NORFOLK SOUTHERN RAILWAY COMPANY )
)
**Defendant.** )
)

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602.

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

BRUSTIN & LUNDBLAD, LTD. WITNESS, _____ SEP 2 9 2017
10 N. Dearborn Street, 7th Floor
Chicago, Illinois 60602 _____
(312) 263-1250 Clerk of Court
Attorney No.: 21626
Date of service: _____ DOROTHY BROWN
(To be inserted by officer on copy left with defendant or CLERK OF THE CIRCUIT COURT
other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT A

**PLEASE SERVE:**

**CSX TRANSPORTATION, INC.**
c/o Registered Agent: CT Corporation Systems
208 S. LaSalle St., Suite 814
Chicago, IL 60604

**CSX INTERMODAL TERMINALS, INC.**
c/o Registered Agent: CT Corporation Systems
208 S. LaSalle St., Suite 814
Chicago, IL 60604

**CSX INTERMODAL, INC.**
c/o Registered Agent: CT Corporation Systems
208 S. LaSalle St., Suite 814
Chicago, IL 60604

**NORFOLK SOUTHERN RAILWAY COMPANY**
c/o Registered Agent: Illinois Corporation C
801 Adlai Stevenson Dr.
Springfield, IL 62730

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | | |
|---|---|---|---|
| RASHAWN McDONALD, | ) | | |
| | ) | | 2017L009930 |
| Plaintiff, | ) | | CALENDAR/ROOM F |
| | ) | | TIME 00:00 |
| v. | ) | No. | Railroad FELA |
| | ) | | |
| CSX TRANSPORTATION, INC., | ) | | |
| CSX INTERMODAL TERMINALS, INC., | ) | | |
| CSX INTERMODAL, INC., and | ) | | |
| NORFOLK SOUTHERN RAILWAY COMPANY | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, RASHAWN McDONALD (Rashawn), by and through his attorneys, BRUSTIN & LUNDBLAD, LTD., and complaining of the Defendants, CSX TRANSPORTATION, INC., CSX INTERMODAL TERMINALS, INC., CSX INTERMODAL, INC., and NORFOLK SOUTHERN RAILWAY COMPANY, and each of them, states as follows:

1. On October 15, 2015 and at all times mentioned herein and relevant hereto, the Defendant, CSX Transportation, Inc., was a corporation duly organized under the laws of the State of Virginia to provide rail-based freight transportation, services and facilities in North America, and that it was doing so, *inter alia*, in the State of Illinois.

2. On October 15, 2015 and at all times mentioned herein and relevant hereto, the Defendants, CSX Intermodal, Inc., and CSX Intermodal Terminals, Inc., were corporations duly licensed under the laws of the State of Delaware to provide rail-based freight transportation, services and facilities in North America and that they were doing so, *inter alia*, in the State of Illinois.

1

3. On October 15, 2015 and at all times mentioned herein and relevant hereto, the Defendant, Norfolk Southern Railway Company, was a corporation duly organized under the laws of the State of Virginia to provide rail-based freight transportation, services and facilities in North America and that it was doing so, *inter alia*, in the State of Illinois.

4. On October 15, 2015, and for a long time prior thereto, the Defendants, CSX Transportation, Inc., CSX Intermodal Terminals, Inc., CSX Intermodal, Inc., and Norfolk Southern Railway Company, and each of them, owned, operated and maintained a railroad right-of-way and freight yard at or near 4900 South near Shields Avenue in the City of Chicago.

5. On October 15, 2015, and for a long time prior thereto, the Defendants, and each of them, had undertaken to enclose the freight yard at said location with a metal fence.

6. Defendants knew that the large number of trains passing through their yard each day and the constant movement of locomotive engines and train cars moving within the yard created a dangerous and high risk of injury to any person who might enter the yard.

7. That prior to October 15, 2015, the Defendants, and each of them recognized, knew and were fully aware of the dangerous and high risk of injury that movement of trains in their yard presented to anyone who might enter the yard.

8. Upon recognizing, knowing and appreciating the dangerous and high risk of injury presented by its moving trains, Defendants, prior to October 15, 2015, constructed a fence around their yard to prevent entry into the yard to protect the general public from being injured by the dangerous activity of moving trains in their yard.

9. Prior to October 15, 2015, the fence fell into a state of disrepair with holes in the fence and a missing section of the fence at the perimeter of Defendants' railyard at or near 51st Street in Chicago, Illinois, which were lard enough to permit entry into the yard.

10. Defendants, prior to October 15, 2015, patrolled the yard with security officers and other personnel, who observed and knew the fence around Defendants' yard had holes and missing sections that permitted persons to enter into the yard and be exposed to the dangerous hazard and risk of injury presented by their moving trains.

11. Notwithstanding Defendants' knowledge that there were holes and missing sections of fence at the perimeter of their yard near 51st Street, Defendants did not repair the holes in their fence of replace missing sections in their fence.

12. By failing to fix, repair or replace their fence, Defendants acted with conscious and reckless disregard for public safety knowing that the holes and missing sections in their fence would permit persons to enter an be exposed to the hazardous and dangerous activity of trains running in their yard.

13. On the evening of October 15, 2015, Plaintiff, Rashawn McDonald, was walking his dog on 51st Street near Defendants' railyard when a noise frightened his pet causing it to run away and it ran through a hole or missing section of the fence into Defendants' railyard. Plaintiff, Rashawn McDonald, followed his dog to retrieve and remove it from Defendants' railyard.

14. Plaintiff alleges in the alternative, that in the event he is deemed to be a trespasser, Defendants owed Plaintiff the duty to refrain from willful and wanton conduct.

15. Defendants breached their aforesaid duty and acted willfully and wantonly in one or more of the following ways:

    a) failing to adequately inspect the fence enclosing the right-of-way;

    b) allowing a gaping hole to exist in the fence enclosing the right-of-way for an inordinate length of time; and/or

    c) failing to repair the gaping hole in the fence in a timely manner.

16. Rashawn's injuries have required, and in the future will continue to require, the expenditure of large sums of money to hospitals and health care providers, and those injuries have interfered, and in the future, will continue to interfere with his livelihood, employment and employability, all to his damage.

17. Plaintiff's attorney's Affidavit pursuant to Supreme Court Rule 222(b) is attached hereto as *Exhibit A* and is incorporated herein by reference.

WHEREFORE, Plaintiff RASHAWN McDONALD, by and through his attorneys, BRUSTIN & LUNDBLAD, LTD., prays for judgement against the Defendants, CSX TRANSPORTATION, INC., CSX INTERMODAL TERMINALS, INC., CSX INTERMODAL, INC., and NORFOLK SOUTHERN RAILWAY COMPANY, and each of them, in an amount in excess of Fifty thousand Dollars ($50,000.00).

Respectfully submitted,

BRUSTIN & LUNDBLAD, LTD.

By: _____
John F. Klebba

John F. Klebba
**BRUSTIN & LUNDBLAD, LTD.**
10 N. Dearborn Street, 7th Floor
Chicago, Illinois 60602
jklebba@mablawltd.com
Atty. No. 21626
*Attorney for Plaintiff*

4